## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Petitioner, | ) **CONSOLIDATED** |
| v. | ) Civil Action No. 08-447-GMS |
| | ) Civil Action No. 08-532-GMS |
| PERRY PHELPS, Warden, and | ) |
| JOSEPH R. BIDEN, III, | ) |
| Attorney General of the State | ) |
| of Delaware, | ) |
| | ) |
| Respondents. | ) |

---

Jimmie Lewis.. *Pro se* petitioner.

Loren C. Meyers, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

## MEMORANDUM OPINION

_____Dec 7_____, 2009
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Jimmie Lewis ("Lewis"). (D.I. 2.) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 2003, a Delaware Superior Court jury convicted Lewis of carjacking, felony theft, and resisting arrest. The Superior Court sentenced Lewis to eight years of imprisonment, suspended after six years for decreasing levels of probation. Lewis appealed, and the Delaware Supreme Court affirmed his convictions and sentences. *Lewis v. State*, 884 A.2d 512 (Table), 2005 WL 2414292 (Del. Sept. 29, 2005).

Lewis filed numerous applications for post-conviction review in the Delaware state courts. Specifically, he filed three motions for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motions"), two state petitions for a writ of habeas corpus, two Rule 35(b) motions for modification of sentence, and a motion to compel his transfer to the next level of probation.[2] The Superior Court denied all of these motions and petitions. (D.I. 29, Del. Super. Ct. Dkt.) The Delaware Supreme Court dismissed Lewis' appeal regarding the denial of his first Rule 61 motion as untimely, and affirmed the Superior Court's summary dismissal of his

---

[1] The instant proceeding consists of two consolidated habeas petitions filed by Lewis. *See* Civil Action No. 08-447-GMS (lead case) and Civil Action No. 08-523-GMS. The court has combined the claims asserted in the two petitions, and from this point on, will refer to both petitions as a singular "petition" designated as D.I. 2.

[2] The court has only listed the motions and petitions filed by Lewis in the Delaware state courts prior to the July 2008 filing of this proceeding, and does not view the list to be exhaustive.

2

second and third Rule 61 motions. *Lewis v. State*, 913 A.2d 570 (Table), 2006 WL 3604832 (Del. Dec. 12, 2006); *Lewis v. State*, 940 A.2d 946 (Table), 2007 WL 3385910 (Del. Nov. 15, 2007); *Lewis v. State*, 954 A.2d 910 (Table), 2008 WL 2721607 (Del. July 14, 2008). Lewis appealed the Superior Court's denial of his march 2008 petition for a writ of habeas corpus, and the Delaware Supreme Court affirmed that denial on September 2, 2008. *Lewis v. State*, 957 A.2d 2 (Table), 2008 WL 4057915 (Del. Sept. 2, 2008). The record does not indicate if Lewis appealed the Superior Court's denial of his other motions and petitions. (D.I. 29, Del. Super. Ct. Dkt.)

In a petition stated July 16, 2008, Lewis applied for federal habeas relief; the case was docketed as Civ. Act. No. 08-447. One month later, Lewis filed a second petition for habeas relief, dated August 19, 2008; this case was docketed as Civ. Act. No. 08-532. Both petitions challenge Lewis' October 2003 conviction. On Lewis' own motion, the two cases were consolidated, with Civ. Act. No. 08-447 designated as the lead case. The consolidated petition asserts five claims for relief: (1) miscarriage of justice; (2) abuse of discretion; (3) ineffective assistance of counsel; (4) due process violations; and (5) prosecutorial misconduct. (D.I. 2.) In its Answer, the State contends that the court should deny the consolidated action as time-barred. Alternatively, the State argues that several claims should be denied as procedurally barred. (D.I. 26.) As explained below, the court will deny Lewis' habeas petition as time-barred.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Lewis' petition,[3] dated July 16, 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Lewis does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Lewis' conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Lewis' conviction and sentence on September 29, 2005, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Lewis' conviction became final for the purposes of § 2244(d)(1) on December 28, 2005. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Lewis had to file his § 2254 petition

---

[3]The court uses the date on the earliest filed petition, which is Civ. Act. No. 08-447.

4

by December 28, 2006. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Lewis did not file his habeas petition until July 16, 2008,[4] one year and seven months after AEDPA's statute of limitations expired. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2) of the AEDPA, a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). "An application is properly filed when its delivery and acceptance are in compliance with the [State's] applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Here, Lewis' motion for modification of sentence, filed on November 21, 2005, does not toll the limitations period because it was filed and denied (December 12, 2005) prior to the time his judgment of conviction became final, and because it was filed pursuant to Rule 35(b). *See Hartmann v. Carroll*, 492 F.3d 478, 484 (3d Cir. 2007)(Rule 35(b) motions seeking leniency do not trigger the statutory tolling provision of § 2244(d)(2), whereas a Rule 35(a) motion

---

[4]A prisoner's *pro se* habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The court adopts the date on the petition, May 18, 2008, as the filing date, because presumably, Lewis could not have presented the petition to prison officials for mailing any earlier than that date. *See Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002).

challenging the lawfulness of the petitioner's sentencing may trigger statutory tolling).

However, his first Rule 61 motion, filed on January 6, 2006, does trigger statutory tolling under § 2244(d)(2). The Superior Court denied the motion on August 29, 2006,[5] and although Lewis filed a notice of appeal regarding that denial on October 2, 2006, the Delaware Supreme Court dismissed the appeal as untimely because it was filed four days too late. *See Lewis*, 2006 WL 3604832 ; Del. Supr. Ct. R. 6. Therefore, Lewis' first Rule 61 motion tolls the limitations period from January 6, 2006 through September 28, 2006, the date on which the thirty-day post-conviction appeal period expired. *See Fields v. Phelps*, 572 F. Supp. 2d 485, 489-90 (D. Del. 2008).

When Lewis filed his January 2006 Rule 61 motion, eight days of the limitations period had lapsed. The limitations clock began to run again on September 29, 2006, and ran without interruption until it expired on October 1, 2007.[6]

In turn, none of Lewis' other applications for state post-conviction relief have any statutory tolling effect because they were filed after the expiration of AEDPA's limitations period.[7] Accordingly, even with the statutory tolling triggered by the filing of Lewis' first Rule

---

[5]*State v. Lewis*, 2006 WL 2560145 (Del. Super. Ct. Aug. 29, 2007).

[6]Although Lewis filed a second Rule 61 motion on March 19, 2007, the Delaware state courts denied the motion as untimely. Therefore, the second Rule 61 motion does not have statutory tolling effect because it does not constitute a properly filed application for post-conviction relief under§ 2244(d)(2). *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005).

[7]These applications consisted of a Rule 35(b) motion for modification of sentence filed on November 20, 2007, a state petition for a writ of habeas corpus filed on December 18, 2007, a motion to compel his transfer to the next level of probation filed on February 14, 2008, a third Rule 61 motion filed on March 4, 2008, and a petition for writ of habeas corpus filed on March 17, 2008. (D.I. 29, Del. Super. Ct. Dkt. attached to Appellant's Op. Br and App. in *Lewis v.*

61 motion, the petition is time-barred unless equitable tolling is available.

### C. Equitable Tolling

AEDPA's limitations period may also be tolled for equitable reasons if a petitioner's case is "the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller v. N.J. Dept. Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant (or the court) actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Brinson v. Vaughn*, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

To the extent Lewis' assertion of innocence is an attempt to trigger equitable tolling, it fails. (D.I. 31, at ¶ 11A.) Lewis' unsupported and conclusory statement does not establish a viable claim of actual innocence, and therefore, it cannot constitute an extraordinary

---

*State*, No.161,2008.) The court notes that the November 20, 2007 motion for modification of sentence would not toll the limitations period even if it had been filed prior to the expiration of AEDPA's limitations period because it was filed pursuant to Delaware Superior Court Criminal Rule 35(b). *See Hartmann*, 492 F.3d at 483-84.

7

circumstance for equitable tolling purposes. *See, e.g., Teagle v. DiGuglielmo*, 2009 WL 1941983, at *1 (3d Cir. Jun. 11, 2009)(unpublished); *Hall v. Phelps*, 2008 WL 4365942, at *3 (D. Del. Sept. 23, 2008). In turn, the court cannot discern that any other extraordinary circumstances prevented Lewis from timely filing the instant petition.

Moreover, to the extent Lewis erred in his computation of AEDPA's one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, equitable tolling is not warranted, and the court will dismiss the petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2(2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a

constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Lewis' petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Lewis' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2.)

An appropriate order will be entered.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, ) | |
| ) | |
| Petitioner, ) | **CONSOLIDATED** |
| v. ) | Civil Action No. 08-447-GMS |
| ) | Civil Action No. 08-532-GMS |
| PERRY PHELPS, Warden, and ) | |
| JOSEPH R. BIDEN, III, ) | |
| Attorney General of the State ) | |
| of Delaware, ) | |
| ) | |
| Respondents. ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Jimmie Lewis' petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 2.)

2. The court declines to issue a certificate of appealability because Lewis has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Dec 7, 2009

CHIEF, UNITED STATES DISTRICT JUDGE