IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, aka Emmanuel Elder, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civ. A. No. 08-447-GMS |
| PERRY PHELPS, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) | |
| Respondents. | ) ) | |

**MEMORANDUM**

## I. BACKGROUND

The court denied Jimmie Lewis' application for federal habeas relief filed pursuant to 28 U.S.C. § 2254 (D.I. 2.) on December 7, 2009. (D.I. 43.) Thereafter, in February and March of 2010, Lewis filed the two motions for preliminary injunction presently pending before the court. (D.I. 46; D.I. 51.) The motion filed in February 2010 seeks numerous items from the Delaware state courts in order to "establish [Lewis'] actual innocence," and asks the court to issue an order stating that the trial and sentencing courts lacked jurisdiction over his criminal proceeding. (D.I. 46, at pp. 2, 7.) In the March 2010 motion, Lewis challenges the Superior Court's denial of his request for sentencing credit and asserts several other grievances related to the conditions of his imprisonment. (D.I. 51.) The March 2010 motion also requests this court to: vacate his convictions for theft and resisting arrest; issue an order compelling the prison to permit his job search; and award $2,000,000 in punitive, nominal, and exemplary damages. *Id.*

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that could have been raised in a prior habeas application. *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

To the extent Lewis seeks monetary damages and complains about the conditions of his confinement, his allegations are not properly raised in this federal habeas proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). However, to the extent Lewis' motions challenge the state courts' jurisdiction over his criminal proceeding and ask this court to vacate his judgments conviction, the motions challenge the same underlying conviction Lewis challenged in his habeas petition. The court dismissed Lewis' habeas petition as time-barred, which constitutes an adjudication on the merits. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)(holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive

2

claims"). Therefore, the court concludes that the instant motions in large part constitute second or successive habeas requests within the meaning of 28 U.S.C. § 2244.

The record is clear that Lewis has not obtained permission to file the pending motions/second or successive habeas requests from the Court of Appeals for the Third Circuit. Accordingly, the court will dismiss the motions for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1). The court will also decline to issue a certificate of appealability because Lewis has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2008); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Lewis' motions requesting a preliminary injunction for lack of jurisdiction, because they constitute second or successive petitions under 28 U.S.C. § 2244. In addition, the court will not issue a certificate of appealability. A separate Order will be entered.

Sept 28, 2010
DATE

CHIEF, UNITED STATES DISTRICT JUDGE